Opinion issued January 29, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00987-CR




JAMES STANLEY BROUSSARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1089653




MEMORANDUM OPINION
          A jury convicted appellant of aggravated robbery. See Tex. Penal Code Ann.
§ 29.03 (Vernon 2003). After appellant pleaded true to the enhancement paragraph
in the indictment, the jury assessed punishment at 15 years confinement. Appellant’s
appointed counsel has submitted a brief stating that, in his professional opinion, the
appeal is without merit and there are no arguable grounds for reversal on appeal. See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant
responded pro se, contending that: (1) he was denied a pretrial hearing; (2) his trial
counsel was ineffective in preparing for trial; (3) no gunpowder-residue test was
performed; (4) no suspect-identification lineup was conducted; and (5) there were
insufficient lab tests on the clothing. We affirm.
Procedure
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant’s counsel has advised the Court that he sent a copy of the Anders
brief to appellant and notified appellant of his right to review the record and to file
a pro se response. Counsel has also requested permission to withdraw from
representing appellant on appeal. Appellant has filed a pro se response to his
counsel’s Anders brief.
          Upon receipt of an Anders brief from an appellant’s court-appointed attorney
who asserts that no arguable grounds for reversal on appeal exist, we must determine
that issue independently by conducting our own review of the entire record. See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and
not appointed counsel—determines, after full examination of proceedings, whether
case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App.
1991) (quoting Anders for this rule). In conducting our review, we consider any
pro se response that the appellant files to his appointed counsel’s Anders brief. See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).
          Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. See id. at
826–27. If we determine that arguable grounds for appeal exist, we must abate the
appeal and remand the case to the trial court to allow the court-appointed attorney to
withdraw. See id. at 827. The trial court must then either appoint another attorney
to present all arguable grounds for appeal or, if the defendant wishes, must allow the
defendant to proceed pro se in the appellate court. See id. We do not rule on the
ultimate merits of the issues raised by the appellant in his pro se response. Id. 
Rather, if we determine that there are arguable grounds for appeal, the appellant is
entitled to have new counsel appointed to address the merits of the issues raised. Id.
“Only after the issues have been briefed by new counsel may [we] address the merits
of the issues raised.” Id.
          If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–27, 828. The holding that there are no
arguable grounds for appeal is subject to challenge through a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. In
accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe, 178
S.W.3d at 826–28, we have reviewed the entire record, appellant’s appointed
counsel’s Anders brief, and appellant’s pro se response to that brief, and we conclude
that no arguable grounds for reversal exist.
 
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw.



 
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).